IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALBERTO JIMENEZ-NAJERA, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:04-CR-214-WSD-JKL-2 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
|     Respondent. | :: | 1:16-CV-2368-WSD-JKL |

## **FINAL REPORT AND RECOMMENDATION**

Movant is a federal prisoner who, pro se, submitted an "application for authorization to file a second or successive motion under 28 U.S.C. § 2255." (Doc. 135 at 1 (font altered).) Movant listed the U.S. Court of Appeals for the Eleventh Circuit in the caption of his application and filed it with that court and this Court. (*Id.* at 1, 3; doc. 140 (court of appeals' order denying the application as premature because this Court has not denied relief under § 2255).)

Movant states in the application that he was wrongly sentenced under 18 U.S.C. § 924(c). (Doc. 135.) He claims that he is entitled to relief under § 2255 pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*Id.*)

Because Movant seeks relief under § 2255, the Court told him that it intended to recharacterize his application as a § 2255 motion. (Doc. 139.) The Court warned

Movant of the consequences of such recharacterization and gave him an opportunity to withdraw the motion – if he did not want the Court to treat it as a § 2255 motion – or amend it to include other claims. (*Id.*); *see Castro v. United States*, 540 U.S. 375, 377 (2003) (requiring courts to warn litigants and provide those options before recharacterizing a filing as a first § 2255 motion). The Court gave Movant thirty days, or until August 12, 2016, to inform the Court if he wanted to withdraw or amend the filing. (*Id.*)

Movant has not filed a response to the Court's Order. The deadline for compliance has passed. The Court thus recharacterizes Movant's application as a § 2255 motion and reviews its merits.

In 2004, a jury in this Court found Movant guilty of: (1) conspiring to possess with intent to distribute at least five kilograms of cocaine; (2) possession with intent to distribute at least five kilograms of cocaine; and (3) carrying a firearm during and in relation to a drug trafficking crime, i.e., during and in relation to the first two crimes. (Docs. 18, 80.) The firearm offense violates 18 U.S.C. § 924(c)(1)(A), which provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking

crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
(I) be sentenced to a term of imprisonment of not less than 5 years;

In 2005, the Court sentenced Movant to 151 months' imprisonment for the drug crimes and an additional five years' imprisonment, as required by § 924(c), for the firearm crime. (Doc. 92.) The court of appeals affirmed the judgment of conviction. (Doc. 122.) In 2015, the Court reduced Movant's sentence for the drug crimes from 151 to 121 months' imprisonment, but did not change the consecutive five-year sentence for the firearm crime. (Doc. 134.)

Also in 2015, the Supreme Court decided *Johnson*, which was a case concerning federal prison sentences enhanced under the Armed Career Criminal Act (the "ACCA"). *Johnson*, 135 S. Ct. at 2555. The ACCA applies only to persons convicted in federal court of possessing a firearm after having been convicted of a felony. 18 U.S.C. § 924(e). Those convicted of that crime and who have three prior convictions for either serious drug offenses or violent felonies face an increased sentence under the ACCA. *Id.* The Supreme Court held that the residual clause of the

3

ACCA's definition of "violent felony" was unconstitutionally vague and, thus, that "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557.

Movant's sentence was not increased under the ACCA. (Docs. 92, 94-1.) Indeed, Movant was not charged or convicted of being a felon in possession of a firearm. (Docs. 18, 80.)

Movant nevertheless contends that his consecutive five-year prison sentence for violating § 924(c) is unlawful because § 924(c)'s definition of "crime of violence" contains a clause similar to the residual clause in the ACCA's definition of "violent felony" that *Johnson* declared unconstitutional. (Doc. 135.) Movant claims that he "should not have been sentenced to serve consecutively . . . because . . . Conspiracy to Commit Possession with intent to Distribute Cocaine[] is not a crime of violence." (*Id.* at 2.)

Unfortunately for Movant, § 924(c)'s definition of "crime of violence" played no role in his case. As discussed above, § 924(c) makes it a crime to carry a firearm during and in relation to *either* a crime of violence *or* a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). Movant was not charged or convicted of carrying a firearm during and in relation to a crime of violence; he was charged and convicted of

4

carrying a firearm during and in relation to a drug trafficking crime. (Docs. 18, 80.) Section 924(c)'s definition of "crime of violence," even if unconstitutional, thus did not affect his sentence. *See In re Baptiste*, ___ F.3d ___ No. 16-13959-J, 2016 WL 3752118, at *1 (11th Cir. July 13, 2016) (quoting earlier decision in case that "[e]ven if we assumed that the rule announced in *Johnson* encompassed the residual clause of § 924(c) . . . Baptiste would not be entitled to relief because his conviction for violating § 924(c) was based on a drug trafficking crime, not a crime of violence"). Movant is not entitled to relief under § 2255.

Accordingly, the undersigned **RECOMMENDS** that Movant's § 2255 motion [135] be **DENIED** and that civil action number 1:16-cv-2368-WSD-JKL be **DISMISSED**. The undersigned **FURTHER RECOMMENDS** that a certificate of appealability be denied because Movant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 31st day of August, 2016.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE