## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **ALBERTO JIMENEZ-NAJERA,** | |
| Movant, | **1:04-cr-214-WSD-2** |
| v. | **1:16-cv-2368-WSD** |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John K. Larkins III's Final Report and Recommendation [141] ("R&R"). The R&R recommends the Court deny Movant Alberto Jimenez-Najera's ("Movant") "application for authorization to file a second or successive motion under 28 U.S.C. § 2255" [135] ("Application").

**I.     BACKGROUND**

   A.     Facts[1]

In 2004, a jury in this Court found Movant guilty of: (1) conspiring to possess with intent to distribute at least five kilograms of cocaine; (2) possession with intent to distribute at least five kilograms of cocaine; and (3) carrying a firearm during and in relation to a drug trafficking crime, i.e., during and in relation to the first two crimes.  ([18], [80]).  In 2005, the Court sentenced Movant to 151 months' imprisonment for the drug crimes and an additional five years' imprisonment, as required by 18 U.S.C. § 924(c), for the firearm crime.  ([92]).  The court of appeals affirmed the judgment of conviction.  ([122]).  In 2015, the Court reduced Movant's sentence for the drug crimes from 151 to 121 months' imprisonment, but did not change the consecutive five-year sentence for the firearm crime.  ([134]).

   B.     Procedural History

On June 30, 2016, Movant filed his Application in both this Court and the United States Court of Appeals for the Eleventh Circuit, and he listed the Eleventh

---

[1]     The facts are taken from the R&R and the record.  The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them.  The Court thus adopts the facts set out in the R&R.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Circuit in the caption of the Application. Movant states in the Application that he was wrongly sentenced under 18 U.S.C. § 924(c). He claims that he is entitled to relief under Section 2255 pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015).

Because Movant sought relief under Section 2255, on July 13, 2016, the Magistrate Judge told Movant that the Court intended to recharacterize his Application as a Section 2255 motion. ([139]). The Court warned Movant of the consequences of such recharacterization and gave him an opportunity to withdraw the motion—if he did not want the Court to treat it as a § 2255 motion—or amend it to include other claims. (Id.); see Castro v. United States, 540 U.S. 375, 377 (2003) (requiring courts to warn litigants and provide those options before recharacterizing a filing as a first Section 2255 motion). The Court gave Movant thirty days, until August 12, 2016, to inform the Court if he wanted to withdraw or amend the filing. (Id.). Movant did not file a response to the Court's Order. The deadline for compliance passed, and the Magistrate Judge thus recharacterized Movant's application as a Section 2255 motion and reviewed its merits.

On August 31, 2016, the Magistrate Judge issued his R&R. The Magistrate Judge found that Movant's sentence was not increased under the ACCA—the sole basis upon which Movant seeks relief—and thus Johnson does not apply, and

Movant is not entitled to relief under Section 2255. Movant did not file any objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where, as here, no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B. Analysis

In 2015, the Supreme Court decided Johnson, which was a case concerning federal prison sentences enhanced under the Armed Career Criminal Act (the "ACCA"). Johnson, 135 S. Ct. at 2555. The ACCA applies only to persons convicted in federal court of possessing a firearm after having been convicted of a felony. 18 U.S.C. § 924(e). Those convicted of that crime and who have three

prior convictions for either serious drug offenses or violent felonies face an increased sentence under the ACCA.  Id.  The Supreme Court held that the residual clause of the ACCA's definition of "violent felony" was unconstitutionally vague and, thus, that "[i]ncreasing a defendant's sentence under the clause denies due process of law."  Id. at 2557.

Movant contends that his consecutive five-year prison sentence for violating Section 924(c) is unlawful because Section 924(c)'s definition of "crime of violence" contains a clause similar to the residual clause in the ACCA's definition of "violent felony" that Johnson declared unconstitutional.  ([135]).  Movant claims that he "should not have been sentenced to serve consecutively . . . because . . . Conspiracy to Commit Possession with intent to Distribute Cocaine[] is not a crime of violence." (Id. at 2.)

Section 924(c) provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, **during and in relation to any crime of violence or drug trafficking crime** (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (I) be sentenced to a term of imprisonment of not less than 5 years[.]

5

18 U.S.C. § 924(c)(1)(A) (emphasis added).

Because Movant was charged and convicted of carrying a firearm during and in relation to a drug trafficking crime, not during and in relation to a crime of violence, the Magistrate Judge found that Section 924(c)'s definition of "crime of violence" "played no role in this case."  (R&R at 4).  Even if the "crime of violence" clause in Section 924(c) is unconstitutional, it did not affect Movant's sentence.  See In re Baptise, 828 F.3d 1337, 1338-39 (11th Cir. 2016) ("[E]ven if we assumed that the rule announced in Johnson encompassed the residual clause of § 924(c) . . . Baptise would not be entitled to relief because his conviction for violating § 924(c) was based on a drug trafficking crime, not a crime of violence.").  The Magistrate Judge thus recommends the Court deny Movant's Section 2255 Motion, and that a certificate of appealability be denied.  The Court finds no plain error in these findings and recommendation.  See Slay, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins III's Final Report and Recommendation [141] is **ADOPTED**.

6

**IT IS FURTHER ORDERED** that Movant's Section 2255 Motion [135] is **DENIED** and Civil Action Number 1:16-cv-2368 is **DISMISSED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**SO ORDERED** this 30th day of January, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE